# APRIL 3, 1935

FRED BLAIR V. THE STATE.

No. 17174.   Delivered February 6, 1935.
Rehearing Denied April 3, 1935.

The opinion states the case.

*I. W. Culp,* of Temple, and *Barnie Cantrell,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment was assessed at confinement in the State penitentiary for a term of five years.

The testimony adduced by the State shows that on the afternoon of December 2, 1933, the appellant went to the home of deceased and without any apparent cause or provocation shot the deceased twice with a pistol, killing him almost instantly. The appellant's testimony shows that on the afternoon of said date he was informed by Charlie Robbins that Luther Blair, an uncle of the appellant, and deceased, Jim Baker, had been to the home of Robbins and asked him for some whisky; that he, Robbins, did not give them any whisky as he had none.   From Robbins' home they went in Luther Blair's car to the home of deceased.   The appellant, who was city marshall of the town of Killeen, immediately went to the home of Jim Baker where he found his uncle, Luther Blair, and deceased, Jim Baker, sitting on a bed.   He asked his uncle to leave and go home, whereupon deceased cursed him and struck him with his fist

and was making an attack upon him with an open knife as he (appellant) was in the act of leaving the home of deceased; that from the acts, conduct and demonstrations of deceased he, the appellant, believed he was in danger of death or serious bodily injury at the hands of deceased which prompted him to shoot in self-defense. The apellant then left the home of deceased and summoned a physician who immediately went to the home of deceased and found the body on the floor in his home; that there was no knife in the hands of deceased or near his person. Deceased was a man about 70 years of age and weighed about 135 or 140 pounds, while the appellant was 40 years of age, six feet two inches in height, and weighed 180 to 190 pounds.

The appellant's first complaint is that the court erred in overruling his objections to the court's main charge. Without discussing each of the objections in detail, we deem it sufficient to state that we have considered all of them in connection with the charge mentioned and reach the conclusion that the charge of the court is not subject to the objections addressed to it.

The appellant's next complaint is that the court erred in declining to submit to the jury his requested special instructions. We have examined each of said requested instructions and reach the conclusion that the court did not err in declining to submit same to the jury because some of them contained but abstract propositions of law and others were not justified by any testimony.

The court adequately instructed the jury upon the appellant's theory of self-defense without any limitation or restriction of provoking a difficulty or otherwise.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellant says in his motion that we should grant him a rehearing upon the ground that the verdict was against the weight of the testimony, insisting that the State's own testimony herein showed appellant to have acted in his own necessary self-defense. We have again gone care-

fully over the testimony, but are not able to agree with appellant's contention. The witness Cole testified, at the instance of the attorney for the defense, that appellant said to him, in regard to the killing, that he had to do it. This testimony was not introduced by the State, and is in no sense chargeable to the State, and its introduction places no burden upon the State. The testimony shows that deceased was in his own home with a friend, who was an uncle of appellant, and testified as a witness for the defense in this case. Upon receiving information that his uncle was at the home of deceased, and that the two had been looking for whisky that morning, appellant went at once to said house. The uncle, a witness for the defense, testified that when appellant entered the house of deceased he said, in substance, "I am going to break up this party." Deceased was a veterinary and had a knife in his hand from which, according to the testimony of said uncle, deceased was removing carbolic acid stains. According to the admission of appellant, when he entered the house he told his uncle he wanted him to go out of the house and away. He testified that when he made this statement deceased said he was going to cut appellant's throat with his knife. Appellant said he then started toward the door, and that deceased advanced upon him and struck him with his fist, whereupon he turned and fired two bullets out of his pistol into the body of deceased, who seems to have died almost instantly. Deceased was an old man and a small man, while appellant was a much younger man and much larger. Appellant admitted that at the time he shot deceased they were six or seven feet apart. We observe that the testimony of appellant is contradicted in many respects by that of his uncle, who was also a defense witness. We do not think the verdict contrary to the evidence.

In the light of appellant's assertion in his motion that the court did not correctly apply the doctrine of reasonable doubt to the proposition of murder without malice, we have examined the charge in this regard. If there was anything in the complaint at the time the exception was taken, the charge was evidently changed before it became a filed paper herein. As the charge appears in this record, it pertinently applies the doctrine of reasonable doubt to the question of murder without malice in more than one place.

Being unable to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*